## New York Marine Court.

*General Term—November*, 1876.

## EDWARD MORRIS, RESPONDENT, *against* JOSEPH J. JOSEPHS, APPELLANT.

Penalty for non-service of printed papers upon appeal. Exhibits used upon the trial, are constructively in the possession of the court, and may either be ordered on file, or their temporary custodian may be required to allow copies thereof to be taken.

McADAM, J.—No printed copies of the appeal papers having been served as required by the rules of the supreme court, the respondent is entitled to an order that the cause be stricken from the calendar, and that judgment of affirmance be rendered in his favor, as by default, for non-compliance with said rules (See rule 50). The fact that the respondent's former attorney holds the exhibits used upon the trial, and declines to furnish copies for the printer, does not prevent the application of the rule. The exhibits used upon the

trial are, for every purpose connected with it, under the control of the court, and in its constructive possession, no matter who their temporary custodian may be. The refusal of the respondent's former attorney to permit copies of the exhibits to be made, was ground upon which the court might have compelled him to file them as part of the evidence belonging to the case upon appeal, which the attorney had no legal right to suppress. The fact that the former attorney claims a lien upon the exhibits, does not necessarily alter this conclusion. It has been held that even a witness will not be allowed to resist a subpœna *duces tecum* on the ground of any lien he may have on the document called for as evidence (*Taylor on Evidence*, § 428, and cases cited), unless the party requiring the production be himself the person against whom the claim of lien is made (*Ib.*). The claim of lien is not one asserted against the appellant, who is a stranger to the attorney having the custody of the exhibits. The power exercised by trial judges over a witness asserting a lien on documents he is called upon to produce resides in and may be exercised by the court with equal or even greater propriety in a case like the present, for the reason that the possession of exhibits used upon the trial is constructively in the court, and the originals may be filed or copies taken without necessarily impairing the attorney's lien upon the papers (if he has a lien thereon of any practical value). The appellant did not seek any aid from the court, and contented himself by idly resting upon the mere captious refusal of the attorney, treating it not only as an apparent stay of the respondent's proceedings, but as furnishing what the argument of the appellant's counsel assumes to be an excuse for the cessation of all further efforts upon his part. If the excuse offered were to be accepted as an answer to the motion, the continued refusal of such former attorney might have the effect of a perpetual

stay of proceedings. No such result can be allowed. The appellant has it in his power to get the exhibits if he will but make the proper effort. He has been derelict in his duty, and the omission to have the appeal papers printed according to the rules is owing, therefore, to unexcused laches upon his part. The cause will therefore be stricken from the calendar, and the judgment appealed from affirmed as by default with costs, unless within thirty days the appellant procures the necessary exhibits and causes printed copies of the cases upon appeal to be served upon the respondent's attorney according to the rules of the supreme court; in which case the respondent will be allowed $10 costs of the motion to abide the final result of the appeal. This condition is to prevent any possible failure of justice on account of what may be taken as a misapprehension on the part of the appellant's attorney of the practice to be pursued under the circumstances stated.

Ordered accordingly.

SHERIDAN, J., concurred.